90   465
8ap110
90   465
45ap184

Emma Van Wert, Respondent, *v.* St. Paul Fire and Marine Insurance Company, Appellant.

*Insurance — cancellation thereof, when a question of fact — the effect of a company's charging its agent with a premium — it is not a payment by the insured — review of a direction of a verdict.*

In reviewing a direction of the court to a jury, to find a verdict upon the evidence in favor of the plaintiff, that view of the evidence should be taken which is most favorable to the defendant.

Where, in an action upon a policy of fire insurance, the evidence is conflicting upon the question whether, prior to the loss, the policy had been canceled by the company, the company is entitled to have the question of cancellation submitted to the jury.

Upon the trial of such an action it appeared that, in making up the account between the company and its agent who issued the policy in question, the amount of the premium upon the policy was charged to the agent, and that when the policy was canceled the unearned portion of the premium was credited to the agent; that this was not done at the request of, nor with the knowledge of, the insured; and that after the fire and before the present action was begun the insured tendered the full amount of the premium to the company.

*Held,* that the transaction was a mere matter of account between the insurer and its agent, in which the insured was not concerned; and that the payment, if it could be called such, did not inure to the benefit of the insured as a payment of the premium by her to the company.

Appeal by the defendant, the St. Paul Fire and Marine Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 15th day of April, 1895, upon the verdict of a jury directed by the court after a trial at the Ulster Circuit.

*William D. Murray,* for the appellant.

*Charles F. Cantine,* for the respondent.

Herrick, J. :

This is an appeal by the defendant from a judgment entered upon the verdict of a jury, rendered by direction of the court in favor of the plaintiff and against the defendant. The action is upon a policy of fire insurance. In reviewing a direction of the court to

a jury, to find a verdict upon the evidence in favor of the plaintiff and against the defendant, that view of the evidence should be taken which is most favorable to the defendant.

The policy in question was issued to the plaintiff. No premium was paid at the time, and no premium was ever paid by the plaintiff. The contention of the defendant is that such policy was surrendered by the plaintiff to the defendant's agent, through whom the policy was issued, and that the same was canceled for non-payment of the premium. That the defendant obtained possession of the policy before the fire is unquestioned. The contention of the plaintiff is that it was not surrendered up to be canceled, but that the same was delivered to the defendant's agent without her knowing what was to be done with it; the agent, upon the contrary, claims that he called upon her several times to procure payment of the premium, and, not succeeding, requested the return of the policy, and that subsequently he mailed the policy back to the plaintiff, informing her that if the premium was not paid within a reasonable time that the policy would be canceled.

That at a later time, on November sixth, he again procured the policy from the plaintiff, and told her that if the premium was not paid by the last day of the month the policy would be canceled, and no payment being made thereon by her before that time it was canceled. The policy provided that it might be canceled upon five days' notice.

If this story is true, and under the evidence the jury would have a right to find that it was true, this beyond all question terminated the policy, and I think the defendant had a right to have that question submitted to the jury as to whether the policy had been canceled before the fire.

The other question in the case is this: In making up the accounts between the defendant and the agent of the company, who issued the policy in question, the amount of this policy was charged to such agent, and, upon its being canceled, the unearned portion thereof was credited to such agent. It does not appear that this was done either at the request of or with the knowledge of the plaintiff, for after the fire occurred, and before the commencement of this action, she tendered the full amount of the premium to the defendant.

The claim is made that this payment, if it can be called such, by the agent to the company, inured to the benefit of the plaintiff, and was in law a payment by her, so far as the insurance company was concerned, of the premium.

Without citing any authorities upon that question it seems to me that, even if it should be considered payment by the agent instead of a mere regulation of the accounts between the company and the agent, it is not one that inures to the benefit of the plaintiff. She did not request it; it does not even appear that she knew that it had been done; so far as the evidence shows the only communication that was made to her was in asking her to pay the premium, and to inform her that the policy would be canceled if it was not.

As a matter of fact she did not pay one dollar, and did not offer to pay the premium until after her property had been destroyed by fire. There was neither prior authority nor subsequent ratification.

The agent was not her agent, but the agent of the company. She never ratified his act before the fire, because she did not know that it had been done. She did not ratify it after the fire, and before the commencement of this action, but, on the contrary, tendered the amount of the premium, assuming it to be unpaid. It seems to me that the transaction was a mere matter of accounts between the defendant and its agent, of which the plaintiff cannot take advantage.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.